# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:10CR00002-028 |
| v. | ) **OPINION** |
| | ) |
| **ROBERT HENRY NELSON, III,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Robert Henry Nelson, III, Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, has filed a pleading that he styles, in part, as "PETITIONER'S REQUEST FOR A NUNC PRO TUNC ORDER." After review of the defendant's submission, I construe it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which must be summarily dismissed.

Defendant Robert Henry Nelson, III, is currently confined in federal prison in West Virginia under the December 9, 2010, Judgment of this court, convicting him of conspiracy to possess with intent to distribute more than 500 grams of cocaine and sentencing him to 130 months in prison. In the instant motion, Nelson seeks recalculation of his federal term of confinement to account for time he served in state prison on charges allegedly involving evidence intertwined with the federal

offense conduct. Indeed, the Judgment in this case recommends "[t]hat the defendant be designated retroactively to the Tennessee Department of Corrections for service of this sentence, thereby making this sentence concurrent with the defendant's [state sentence]." (ECF No. 1471, at 2.)

I must deny Nelson's motion for nunc pro tunc designation, because the Federal Bureau of Prisons ("BOP"), not the court, bears the responsibility for calculating terms of confinement for each federal defendant. *See United States v. Wilson*, 503 U.S. 329, 331-33 (1992). The BOP also has the statutory authority to designate a state prison as the place of service of a federal sentence nunc pro tunc. *See Setser v. United States*, 132 S. Ct. 1463, 1467-68 (2012). The appropriate remedy by which to challenge the BOP's calculation of a federal criminal sentence is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 333-35. Before pursuing a § 2241 petition to seek credit for time served, however, the inmate must first exhaust administrative remedies within the BOP. *Id.* After the final decision by the BOP, a dissatisfied prisoner may seek judicial review of that administrative action by filing a § 2241 petition in the district court with jurisdiction over the prison where petitioner is confined. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

Given the nature of the claim Nelson raises, I construe his submission as a § 2241 petition, and I will direct the Clerk to docket it as such. Nelson offers no

indication, however, that he has exhausted BOP administrative remedies regarding his claim for additional sentence credit. Moreover, because Nelson is currently confined at a BOP facility in West Virginia, his claim under § 2241 is not properly before this court. *See* 28 U.S.C. § 2241(a) (granting habeas authority to district courts "within their respective jurisdictions"). Because Nelson does not demonstrate exhaustion of administrative remedies, I do not find it to be in the interest of justice to transfer his petition to a district court in West Virginia. *See* 28 U.S.C. § 1406(a). Instead, I will dismiss the petition without prejudice to the opportunity for Nelson to refile his claim in the appropriate court once he has exhausted his administrative remedies. *See* Rules 1(b), 4, Rules Governing § 2254 Cases.

A separate Final Order will be entered herewith.

DATED: November 13, 2013

/s/ James P. Jones
United States District Judge